Now we'll turn to our regular calendar, and the first case on that calendar is Vera v. Republic of Cuba. May I proceed, Your Honor? Good morning. Good morning, Your Honors. May it please the Court. Kenneth Caruso, I represent the Spanish bank known as BBVA. With respect to subject matter jurisdiction, the District Court erred by failing to look beyond the record that was made in the Florida State Court. Now, whether the issue is framed as a lack of subject matter jurisdiction in the Southern District of New York, as I frame it, or as a collateral attack in a full faith and credit issue, as Judge Hellerstein framed it, either way, my client had a right to submit evidence going to the jurisdictional facts, and to have Judge Hellerstein consider that evidence and make his own de novo determination of jurisdiction, and independently of what the Florida State Court said. My client was a stranger to the Florida State Court. Did the Florida Court make, the killing is 1976? Yes. The designation of Cuba is 1982? Yes. Terrorist entity? And so under the Foreign Sovereign Immunities Act, the only way that there's jurisdiction, that there's a waiver of sovereign immunity, is if the act itself was, or the designation was as a result of the act? Precisely. Did the Florida Court hear any findings of fact with regard to the relationship of the killing to the designation? The Florida Court said that the designation occurred at least in part as a result of the killing of Vera. Now, the statute doesn't say in part. The statute says as a result of, but be that as... Were there any other facts presented to it? I'm not aware of any other facts. Even if it made that finding, is that binding on some enforcement? Definitely not. Because it goes to subject managers? And because my client was a stranger to that case. My client is entitled to his day in court. The Supreme Court has said dozens of times that a stranger is never precluded, even despite prior holdings against his position. The best case is the Blonder Tongue case, 1971. A stranger is never precluded. And Judge Hellerstein didn't consider my evidence, and that's error. My client had a due process right, as a stranger to the Florida case, to put in our own evidence. And we got evidence from the horse's mouth, from the State Department, which said Cuba was designated as a result of its efforts to undermine governments and foreign... In Latin America. The State Department makes no mention of the Vera killing. It doesn't even make mention of Cuban activities targeting dissident expatriates. The State Department holding is conclusive as a matter of... Excuse me. The State Department position was accepted as a matter of law in the Jerez case, the D.C. Circuit. And I urge this court to follow Jerez. It's exactly like our case. Pre-designation torture, pre-1982 torture. And the court in the D.C. Circuit held there's no torture. Same here. The State Department documents that reflect... It was also related to any kind of leftist revolutionary activity or leftist criminal activity, and that Cuba was somehow connected to that in Puerto Rico at the time of the killing. That is correct. There's no evidence of that. The State Department's evidence is at page 306 of the Cuba's clear support for organizations and groups that used terrorism and revolutionary violence as a policy instrument to undermine existing governments. ARC in Colombia, the Sandinista... M-19, et cetera. That was the only reason, the specific. It sounds like expressio unius to me. And there's no mention of this killing or any of these other killings that have... The victims or their relatives obtained judgments. Judge Hellerstein erred... This is the core of his holding. Full faith and credit requires a federal court to recognize a state court judgment unless there is an obvious and grave jurisdictional defect apparent on the face of the state court order. That's not the law. On the contrary, he's required to look beyond the face of the order. We have Supreme Court precedent of just a year's standing. It's called V.L. versus E.L., which says, of course, a party challenging the subject matter jurisdiction of the first court, of course, is entitled to put in evidence. And jurisdiction can be presumed unless it's disproved by extrinsic evidence. Judge Hellerstein seemed to be drawing a distinction between pre-judgment discussions of jurisdiction and post-judgment, suggesting that after a judgment is entered against a party and found liable, that in matters of turnover and execution of judgment, there is some lesser standard. Is that what you understood? Yes, I think he's saying something like that, but that's wrong for the following reason. My client was served with a subpoena. We have an absolute right to challenge that subpoena as void for lack of subject matter jurisdiction. And in making that challenge, Judge Hellerstein was required to look beyond the record of the Florida court. He should have looked. He started in the wrong place. I'm sorry, I couldn't hear you. He started in the wrong place. He should have started with his own jurisdiction, should he? Absolutely right. He should have gone to 1330 or the Terrorism Insurance Relief Act or whatever it's called, to determine whether a federal court could entertain it. But he seemed to think that full faith and credit clause was a jurisdictional grant that would federalize every state court into federal court, wouldn't it? Yes, it would. And that's why it's error. It conflates jurisdiction and the merits. Full faith and credit is a merits issue. It's an evidentiary issue. And that as well. But Judge Hellerstein should have decided his own jurisdiction under 1330 without respect to full faith and credit. You've got it exactly right. Am I right that the district court denied your motion to dismiss the turnover proceeding? That's right, on these grounds. But did you appeal that decision in particular, raising the subject matter jurisdiction? No, that's an interlocutory order. Denial of a motion to dismiss is not an appealable order. So you just felt it wasn't appealable? Clearly not. Denial of a motion to dismiss. May I speak about the personal jurisdiction issue? That issue is governed by three cases. Daimler, Gucci, and Lockheed. First, under Daimler, my client was not subject to the general jurisdiction of the courts of New York. It's a Spanish bank organized under the laws of Spain, principal place of business in Spain. It is therefore not at home in New York and not subject to general jurisdiction. Second, Gucci applies those same rules to the recipient of a subpoena. The service of a subpoena on the New York branch of a foreign bank is insufficient to confer general jurisdiction. Next thought, what's left? Specific jurisdiction. As to that, there is a relatedness test, again, citing Gucci. And here, we produced all the information related to the operation of the branch within the forum. And the rest of the requests for accounts that perhaps are anywhere around the world have no relationship. They're unrelated to the activities. Is there a distinction between a subpoena as opposed to the seizure of assets that you hold elsewhere? Yes. A subpoena only seeks information. The information is everywhere, isn't it? Correct. Certainly, there would have to be general jurisdiction over your client to reach assets, to require your client somehow through judicial process to bring those assets within the reach of the southern district. Definitely. But what about the information? I mean, there's that one case, B&M, I think it is, out of the appellate division about electronic information. I don't know whether I agree with B&M or not, but is there a distinction that's drawn from what kind of jurisdictional reach you have to have with regard to information as opposed to assets? Well, I think with respect to information, which is what's at issue here— Right. I know that it's information that you're talking about. Well, I'm not sure that there would be a distinction of that kind because in New York, it is clear that a court, federal or state, sitting here cannot compel the turnover of assets that are outside the jurisdiction. That's a special rule for banks, the separate entity rule recently reaffirmed by the Court of Appeals. So that's the law with respect to assets. With respect to information, we have Daimler, Gucci, and Lockheed. And I completely concur in what Your Honor said. In order for the Southern District of New York to compel information from around the world that is unrelated to the operations of the branch within the forum, the court would have to have general jurisdiction, which it does not. Well, I don't know that I said that, but— Okay. I thought you did, but in any case, that's my position. Well, you're hopeful. Yes. That's all right. You could be hopeful. Turnover information about the branch in New York? Sorry, Your Honor. The bank turnover information about the branch in New York? We made full discovery with respect to the records in New York. And turnover assets? We have turned over one account that qualified as a so-called phase one account, yes. Judge Hellerstein allowed us to deposit that account in the registry of the U.S. courts, and we did so. If we were to agree with you on the subject matter jurisdiction point, do we have to get to the personal jurisdiction arguments you're making right now? No. You can rule on one way or the other. Ruhrgas and Sinochem give you discretion to decide either jurisdictional ground— Your remedy would be reverse and dismiss. Sorry, Your Honor. Your remedy would be reverse and quash the subpoena. Correct.  Thank you. We reserve three minutes for rebuttal. We'll hear from— Good morning. My name's Robert Swift, and I represent Aldo Vera, who is the petitioner in the lower court and the appellee in this court. The B&M Kingstone case, which Judge Wesley mentioned, is strong authority for this court to find both that there was specific jurisdiction over BBVA as well as the scope of the information subpoena to be enforced was appropriate. The appellate division, though, followed the district court's decision here in Vera, right? That's correct, and quoted it extensively. Remember, this is an execution pursuant to Rule 69A, which follows state procedures. The B&M Kingstone, I think, is very strong authority for that. Let me distinguish this case from some of the others that were cited. First of all, this is post-judgment, not pre-judgment. So Gucci, Daimler, they dealt with general jurisdiction. Judge Hellerstein held that there was specific jurisdiction, and he cited to Section 200 of the New York banking law. But he didn't cite to Section 302 of the business corporations law, which authorizes the Secretary of State to accept service as an agent for the corporations that wish to transact business in New York. And the legislature was pretty clear about Section 200 in 1951 when they amended it to limit that service to transactions out of which the service arises, right? Well, I can't speak to that. What I can speak to— I looked at the legislative history. I have some familiarity with legislative history in New York, and that's exactly what they did. So I don't understand how he transmogrified a limited grant of jurisdiction for the agency relationship of the superintendent of banking into general jurisdiction. I just don't understand that at all. It makes no sense to me, to be honest with you. I think there's some confusion, perhaps, in what we've been talking about between general and specific jurisdiction. There was no suggestion by Judge Hellerstein that there was general jurisdiction, nor, in my view, is general jurisdiction required— Saying that the service upon them was legitimate or that there's jurisdiction over them because they've accepted—they've agreed to designate the superintendent of banking for service of process with regard to that business with which they've transacted in New York. That seems to be totally legitimate in terms of asking them what they have in New York and or seizing from them what they have in New York that's related to your judgment debtor. But I don't understand how that's legitimate as to asking them about what they have elsewhere or what they—or in any way, and I don't think you're asserting this, that you could seize it from here. So let's just limit it to the asking side of that. You think that that statute authorizes jurisdiction in a court in New York state or federal to ask questions about assets elsewhere? General jurisdiction. I do believe that. Okay. And we've briefed this. What you're suggesting is that there's a natural congruency between specific jurisdiction and the scope of discovery. But this court has never so held and no court has ever so held that there is that congruency. Once there is jurisdiction— I'm not suggesting it. In fact, I suggested that there might be something different in questioning your opponent because I can see a difference between asking—the B&M case, for example. It seems to me different to sit at a computer terminal and say, where else do we have Cuban assets? That information is available here. It's generally available here. The fact that there are Cuban assets elsewhere is a different matter, but knowing where they are is available in New York. And so I don't see how general jurisdiction is necessary. I think specific jurisdiction may very well be enough. And I think we also have to bear in mind BBVA is not some unrelated party to this litigation. It is a party. It was joined pursuant to Rule 20 of the Federal Rules of Civil Procedure. A party has to respond to discovery that a lower court deems reasonable. Judge Hellerstein considered the scope of discovery, and he ordered that this was appropriate under the circumstances after holding a hearing and making finding facts. But it seems to me—I realize that you started where your opponent left off— but it seems to me you have a more preliminary issue, and that's the subject matter jurisdiction question. Yeah, and let me—first of all, subject matter jurisdiction as to Cuba is pursuant to Section 1610 of the Foreign Sovereign Immunities Act. We've briefed that. The issue that—or the sub-issue you raised— is whether a collateral attack can be raised to where we have to have a new trial on jurisdiction. Because remember, the jurisdictional aspect of this is also a merits aspect, and that is who killed Aldo Vera Sr. But before we get to that, though, I mean, preliminarily, I wondered what evidence you had deduced either in Florida or to the district court here suggesting that Cuba was designated a terrorist state as a result of the act of killing of Mr. Vera Sr. There was circumstantial evidence of that, and the affidavit that Mr. Caruso relies on was not in this case. He took it from a different case. What evidence was there before the Florida courts establishing that the designation arose as a result of this murder? There was reference during the hearings in Congress to 260 individual acts of terrorism in Puerto Rico by Cuba. But there were other accounts suggesting that this was not an act of terrorism by Cuba, that there were other explanations for the Vera murder, and the State Department acknowledgments here seem broad and vague at best. I didn't see anything specifically linking Mr. Vera's murder to the Cuban designation here. Is there something I've overlooked? I think what Your Honor has overlooked and what so far— because remember, there was not— we didn't have an opportunity before Judge Hellerstein to go into evidence on this. But as happens in Congress today, whenever there is evidence about specific terrorist acts, Congress is briefed confidentially on these. The public hearing, if you— and I've read the public hearing in this in 1982— they don't refer to specific acts. And I'm assuming that it's because the congressmen were already briefed on specific acts. But you have to show under the statute that the designation occurred as a result of this act. Well, I don't— my view is I can prove that circumstantially, and there was circumstantial evidence about that. That— Did the Florida court focus on that before it entered its judgment? The Florida court had a hearing on the merits at which it did inquire into that, and evidence was submitted. I asked you to tell me where in the record it made a finding that the designation of Cuba as a terrorist entity was as a result of Mr. Vera's killing. And my answer is I can't— cannot because the only finding— the only thing that it said was that A-273, Defendant Republic of Cuba, which was designated to be a state sponsor of terrorism in 1982 under the terms of the 56J of the Export Administration Act, is subject to suit and any state court must pursue it to USC-1605. Boom. That's it. So I don't understand. I mean, even if that— even if you were right, I don't understand, A, how there's a finding to that effect, B, how it was actually litigated, and C, you've got a party who's not present and didn't have an opportunity to fully litigate. I realize it's a default judgment, but courts can't make it up. They can't just acquire subject matter jurisdiction because they say they do. People can't even consent to subject matter jurisdiction. It goes to the inherent underlying power of a court to act, to alter or to determine the relationships of the parties. And so I understand Judge Hellerstein thought this was a matter of issue preclusion, but there's no issue to preclude. There's no finding. And I asked you straight up and you honestly answered me that there wasn't one. So how is there issue preclusion, even if issue preclusion were the answer here? The answer is that circumstantial evidence was submitted at the trial to support this. Circumstantial evidence, but there's no finding that says the court just renders a conclusion that it was designated in 82 and that's good enough. I don't think that's good enough. There's another subsidiary issue, and that is whether BBVA has the right to mount a collateral attack. I suggest to you that it does not. It's a stakeholder in this matter. Aren't they the bailer? Aren't they the person holding Cuban assets? They're holding. Don't they stand in Cuban's shoes? They're a bailer. They have a responsibility to their bailee, the person whose assets they hold, to hold them and to defend them and not to distribute them to anybody other than those who are rightfully claiming them. How can they not assert Cuba's rights? Under New York law and cases we've cited, the New York appellate court is very clear that they don't have, that a stakeholder, in this case a bank, doesn't have that right. You made them a party, didn't you? I made them a... So they're not entitled to a defense that they're co-defendant, to which they owe a fiduciary relationship, does have. Is that it? That's correct, Your Honor. And I think the underwriters... It's just the understanding of the law. Someone who has a fiduciary responsibility to another co-defendant can't raise the defense such that they'll lose, such that the assets of the co-defendant can then be identified and or seized. Then in taking this to its logical conclusion, your argument is that any time there's an execution in New York, that the garnishee has the right to raise on collateral attack the jurisdiction of the court that ultimately had rendered the original judgment. Subject matter jurisdiction? You betcha. Okay, I submit that that isn't the test, but Your Honor is the one who'll have to decide that. Thank you. Okay, thank you. Thank you. I think the court has grasped my argument with respect to subject matter jurisdiction. So I'll answer questions if you have them, but otherwise I'll speak to some of the lingering personal jurisdiction questions. And the first one is something that Your Honor, Judge Wesley said, which is that the information is available here at a computer terminal. That's just not so. That is absolutely not so. And let me explain why. Mr. Swift, who had the burden of proof, never proved any such thing, never put in a shred of evidence going to that issue. Judge Hellerstein made the statement that you have read in the record, sua sponte, denying my motion for re-argument. I was completely sandbagged by that. So are you just saying that the record doesn't support that conclusion? Are you denying that it's actually the case? I am denying that it's actually the case. Both. Information is available in New York. The information is not available in New York. Let me be clear about that. The computer systems of these banks are set up to comply with foreign privacy laws. This should not be surprising. This information is confidential under the banking laws of Spain. So you say this makes it different from BNM? Yes, considering the way BNM was written and, I suppose, argued. But yes, for that reason, it's different from BNM. There is absolutely nothing in the record to support what Judge Hellerstein said, sua sponte, and denying a motion for re-hearing and completely sandbagging me on the point. Right? So I hope I've covered that. You said the information would be available through process in Spain. Yes. Yes. You know, we can't do it all in New York. We gave Mr. Swift all the information about assets and accounts in New York, and he should take that information and go to the place where the assets are. That's what comity requires. Indeed, I think that's what Daimler and due process require nowadays. It didn't used to. You used to be able to get discovery under this court's precedent in EM. One used to be able to get this worldwide discovery so long as there was jurisdiction over the witness. Now, after Daimler and Gucci, one has to ask, what kind of jurisdiction? Is it general or is it specific? And I think you need general jurisdiction to get worldwide discovery. And it may be different if somebody in New York could sit at a computer terminal and find out what's on the books in Madrid. But that's not the case. And there is no evidence of that. And I hope that the court doesn't decide the case on that basis because that would be a complete sandbagging. Now, with respect to BNM, that case cannot possibly survive Lockheed. The Lockheed case, written by Your Honor, Judge Carney, says that the court must look at the exact statutory language. The statutory language of Section 200 of the Banking Law is, as Judge Wesley said from memory, a sort of a process and an action or proceeding on a cause of action arising out of a transaction with the New York branch. That is the language of specific jurisdiction, not general. And then I think this case is governed a fortiori by Lockheed because the Connecticut statute in Lockheed did not use the language of general jurisdiction, did not use the So the court said, we will therefore read the statute, construe the statute to confer only specific jurisdiction. Here, the statute uses the language of specific jurisdiction. A fortiori, Lockheed governs and makes this a specific jurisdiction case. Again, I don't see how—I've made the point about the information not being available in New York, and I think the good word, transmogrified, that's what Judge Hellerstein did with Section 200. Unless the court has anything else, I'll give up my last 45 seconds. Thank you. Thank you. We will reserve decision. Thank you very much, Your Honors. Thank you.